## Hay, Executor, *v.* Crown Silk Manufacturing Co., Appellant.

*Contracts—Contract of employment—Resolution of board of directors—Evidence—Admissibility.*

In an action by the executor of an officer of a corporation, for salary due under his contract of employment, plaintiff offered in evidence, without objection, the resolution of the board of directors of the defendant company authorizing the payment of the salary. The defendant offered to prove that the resolution was the result of a compromise, although at the same time disclaiming any purpose of altering the terms of the resolution.

Under such circumstances, the offer was properly refused. The disavowal of any purpose to alter the terms of the resolution rendered everything that went before it irrelevant, as the action of the board was the final expression of the minds of the parties to the suit.

Argued December 4, 1923. Appeal, No. 135, Oct. T., 1923, by defendant, from judgment of C. P. Northampton Co., April T., 1917, No. 38, on verdict for plaintiff, in the

468, (1924).] Assignment of Error—Opinion of the Court.

case of Elwood Hay, Executor of Jacob Schneider, Deceased, v. The Crown Silk Manufacturing Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit on contract of employment. Before MC-KEEN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiff in the sum of $386.98, and judgment thereon. Defendant appealed.

*Errors assigned* were the refusal of defendant's offer as quoted in the opinion of the Superior Court, and of defendant's motion for judgment non obstante veredicto.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.

*James W. Fox,* and with him *Edward J. Fox,* for appellee.

OPINION BY TREXLER, J., February 29, 1924:

Elwood Hay, executor of Jacob Schneider, deceased, brought this suit against the Crown Silk Manufacturing Company for the salary of said deceased, as vice-president of the defendant company. It was admitted at the trial that Schneider's salary as vice-president was $3,000 per year and that had he continued to perform the duties of his office until his death, the sum of $1,788.39 would have been due him. The plaintiff, without objection, put in evidence, a resolution duly passed by the defendant company, which reads as follows: "Resolved that the surplus account of the company be charged with the salary due Jacob Schneider at the time of his death and that same be paid to his executor as the company is financially able to do so." The company paid said sum in varying amounts and the present suit is brought to recover the

interest on the deferred payments. All the questions involved in this appeal grow out of the rejection by the court of an offer, which in view of its controlling importance, we give in full: "We purpose to prove by this witness (McConnell) that after the death of Jacob Schneider claim was made for payment of salary by his executor covering the period of May, 1910, to the death of Jacob Schneider on November 21, 1910; that said claim was resisted and disputed by the corporation on the ground that services had not been performed by Jacob Schneider and on, generally, the ground disclosed by the offer for the preceding witness; that Mr. McConnell was a member of the board of directors and was counsel of the company and that as such he took a large part in such negotiations and that this continued for a considerable period of time; that finally an agreement was reached between Elwood Hay, executor of Jacob Schneider and the company and as a result of this agreement the resolution of September, 1912, was passed; that the present plaintiff in this case, Miss Boss, was present and her brother also and that both assented to and accepted the terms of such agreement and that the resolution of September, 1912, was a compromise with the executor of the disputed claim on the part of the estate." The offer was objected to generally as incompetent and irrelevant and that the witness could not be heard to explain the meaning of the resolution that was adopted and that Elwood Hay, the executor, having since died, the witness was incompetent. To this the attorney for the appellant replied that the offer was made for the purpose of showing that the terms of the resolution are binding, not only upon the corporation but upon Elwood Hay, the executor of Jacob Schneider, as being a compromise of a disputed claim and not for the purpose of altering any terms of the resolution. The court sustained the objection and later in its opinion justified its action by stating that the matter covered by the offer did not appear in the pleadings. The objection that the

offer was not competent because the defense raised by it was not in the pleadings, seems not to have been urged at the trial. At least there is some difference of opinion among counsel as to it, and the notes contained no reference to such objection. We are constrained to confirm the action of the lower court for the reason that we do not see that the offer was pertinent, or if pertinent, that its rejection constituted material error. To show that the resolution was a result of compromise does not affect it one way or other, to show "that the terms of the resolution were binding" was useless as plaintiff had already offered it and relied upon it to support his action. The disavowal of any purpose to alter the terms of the resolution rendered everything that went before it useless, for the resolution was the final expression of the minds of the parties to this suit. If the defendant wished to show that the account admitted to be due bore no interest, he should have so stated.

The judgment is affirmed.